UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. DAVID J. YOUNG,  )
           Plaintiff, )
            )
vs. ) Case No.
            )
ADAM ANDREWS and CITY OF CHICAGO, ) JURY DEMAND
            )
           Defendants. )

## **COMPLAINT**

Plaintiff complains against defendants as follows:

### I. **Jurisdiction & Venue**

1. This action arises under 42 U.S.C. §1983 and §1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is invoked under 28 U.S.C. §1331 with respect to Plaintiff's federal claims in Count I. Supplemental Jurisdiction is invoked pursuant to 28 U.S.C. 1367(a) with respect to the State claims in Counts II, III, & IV.

2. The events complained of herein occurred in Chicago, Cook County, Illinois and therefore venue lies in the Northern District of Illinois pursuant to 28 U.S.C. 1391(b).

### II. **Parties**

3. Plaintiff Dr. David J. Young (Plaintiff) is the principal of the Chicago Academy for Advanced Technology, a public high school (the School) located at 1301 West 14th Street, Chicago, Cook County, Illinois.

4. Defendant Adam Andrews (Andrews) is, and at all times material herein was, a duly appointed police officer in the Chicago Police Department who acted under pretense and color of law and in his official capacity.

5. Defendant City of Chicago (Chicago) is a municipal corporation in the State of Illinois which employs a law enforcement unit identified as the Chicago Police Department (CPD). CPD is responsible for the employment, training, and supervision of Chicago Police officers including the defendant Andrews.

## Background

6. On or about September 20, 2010 Andrews was assigned to and on the premises of the School in his capacity as a Chicago Police Officer.

7. On or about September 20, 2010 at about 11:30 a.m., Plaintiff was in his office at the School. On that date, time and place, Andrews came to plaintiff's office and told him that a student (the Student) had refused to leave the lunchroom. As a result, Andrews said, he handcuffed the Student and took him to the School security office. Plaintiff and Andrews then went to the security office.

8. When they got to the security office, another student was there. Therefore, Plaintiff suggested that he, Andrews, and the Student move to the hallway to talk privately and Plaintiff asked that Andrews remove the Student's handcuffs.

9. While they were leaving the security office, the Student said that Andrews had injured his (the Student's) leg while they were in the security office.

10. Upon hearing this, Andrews became enraged, pushed the Student against the wall, told him to be quiet, and placed his hand around the Student's throat. The handcuffs were not removed.

11. Plaintiff then said to Andrews, in words or substance "Come on, come on, don't choke him". Andrews then released the Student but said to Plaintiff that he (Andrews) didn't

2

work for him (Plaintiff), that he worked for the Chicago Police Department, and that he was going to arrest the Student.

12. Andrews then pushed the Student back into the security office where he asked a Chicago Police Sergeant, who was present, to call for a car because he was "taking one in."

13. Plaintiff then asked the Student (and another student) to step out of the security office and told Andrews he was wrong to place his hand around the Student's neck. Andrews then pushed Plaintiff. The Sergeant then stood between Andrews and Plaintiff, and Plaintiff left to go to the main office where he called 911.

14. The Sergeant, after talking with the watch commander and Andrews, then placed the Student under arrest, telling Plaintiff that he (the Student) would be charged with disorderly conduct. This charge was later dismissed.

15. Shortly thereafter a squad car arrived, the Student was taken into custody and transported to the police station at 100 N. Racine in Chicago. Plaintiff then called the school's police district to report what had happened. The watch commander told Plaintiff that he (Plaintiff) was going to be charged and arrested for striking a police officer. Plaintiff said this was not true and that he was going to go the police station himself.

16. Upon arriving at the police station, Plaintiff was told that he too was under arrest and charged with simple battery and battery to a police officer.

17. Plaintiff was then taken into custody and had to post 10% of a $1,000 bond ($100) to secure his release.

18. Plaintiff was in custody for more than 6 hours.

20. Following his release, Plaintiff appeared in court four times.

21. At his fourth and final court appearance on January 7, 2011, Andrews, the complaining witness, failed to appear even though he had been subpoenaed. As a result, the case was terminated by the State's motion to "SOL" (stricken from the docket with leave to reinstate).

### Count I
### Unlawful Arrest – Andrews, Chicago

22. Plaintiff realleges paragraphs 1-21 above.

23. Plaintiff's arrest was unlawful because it was without probable cause and, therefore, willful malicious or recklessly indifferent to Plaintiff's right to be free from unlawful arrest.

24. At all times material herein, Andrews caused, facilitated, aided or abetted Plaintiff's arrest.

25. Upon information and belief, Andrews' record of misconduct was well known to the CPD before the subject occurrence.

26. Despite knowing of Andrews' record, the CPD failed to adequately train, supervise, control or discipline him and continued to assign him to the sensitive environment of a school.

27. CPD's failure to adequately train, supervise, control or discipline Andrews manifested a deliberate indifference to his misconduct as described herein.

28. As a direct and proximate result of the foregoing, Plaintiff sustained damage.

Wherefore, Plaintiff respectfully requests that judgment be entered against defendant Andrews in an amount in excess of $500,000 as compensatory damages, in excess of $500,000 as punitive damages and for Plaintiff's attorney's fees and costs.

### Count II – Malicious Prosecution - Andrews

29. Plaintiff realleges paragraphs 1-27 above.

30. Andrews caused, facilitated, aided or abetted Plaintiff's arrest maliciously and without probable cause. The underlying criminal prosecution of Plaintiff terminated in Plaintiff's favor.

31. As a direct and proximate result of the foregoing, Plaintiff sustained damage.

Wherefore, Plaintiff respectfully requests that judgment be entered against defendant Andrews in an amount in excess of $500,000 as compensatory damages, in excess of $500,000 as punitive damages and for Plaintiff's attorney's fees and costs.

### Count III
### Intentional Infliction of Emotional Distress - Andrews

32. Plaintiff realleges paragraphs 1-31 above.

33. Andrews' misconduct as described above was intended to cause and did cause Plaintiff severe emotional distress.

34. As a direct and proximate result of the foregoing, Plaintiff sustained damage.

Wherefore, Plaintiff respectfully requests that judgment be entered against defendants Andrews and Chicago, jointly and severally in an amount in excess of $500,000 as compensatory damages, in excess of $500,000 as punitive damages and for Plaintiff's attorney's fees and costs.

### Count IV – Negligent Infliction of Emotional Distress – Andrews

35. Plaintiff realleges paragraphs 1-34 above.

36. At all times material herein, Andrews had a duty to exercise due care in the performance of his duties as a Chicago Police officer.

37. Andrews negligently breached that duty, however, by pushing Plaintiff.

38. As a result of the foregoing negligent conduct by Andrews, plaintiff suffered emotional distress.

Wherefore, Plaintiff respectfully requests that judgment be entered against defendant Andrews in an amount in excess of $500,000 as compensatory damages, in excess of $500,000 as punitive damages and for Plaintiff's attorney's fees and costs.

Respectfully Submitted:

_____
STEVEN J. ROSENBERG, P.C.
Attorneys for Plaintiff

Steven J. Rosenberg
STEVEN J. ROSENBERG, P.C.
53 West Jackson Boulevard
Suite 1740
Chicago, Illinois 60604
(312) 362-0400